(188)                    ASHABRAMNER *v.* PERKINS.

If on an appeal to the Circuit Court from a Justice of the Peace, the plaintiff recover nothing, he shall pay the costs of both Courts.

#### ON ERROR from Wayne Circuit Court.

WASH, J., delivered the opinion of the Court.

This was an action of account, commenced by the plaintiff in error against the defendant, before a Justice of the Peace, in which the defendant had judgment for one dollar and fifty cents. The plaintiff appealed to the Circuit Court, where, on trial, *de novo,* a general judgment was rendered for the defendant, and that he recover his costs, &c.

It appears from the bill of exceptions, that the papers in the cause had not been marked filed, by the Clerk, nor the cause regularly docketed, until it was called for trial, and for that reason the plaintiff moved for a continuance, which was refused. The plaintiff then moved the Court for a rule to order the Justice to certify the entries on his docket, which motion was also overruled. Upon the trial, *de novo,* there was general finding by the Court, (sitting as a jury,) for the defendant : Whereupon, the plaintiff moved to have judgment for costs against the defendant, on the ground that the defendant recovered less in the Circuit Court than was recovered before the Justice; the Court overruled the motion and gave judgment for costs against the plaintiff.

It is assigned for error : First. That the Court refused to continue the cause.

Second. That the Court refused the rule, prayed for against the Justice, and

Third. That the Court gave judgment against the plaintiff for costs.

It was the Clerk's duty to have filed the paper and docketed the cause; but it is not shown that his failure to do so, in any manner embarrassed or injured the plaintiff in the prosecution of his trial. The power of granting continuances by the Circuit Court is discretionary, and to be exercised soundly. We are not to presume that it was not so exercised in the case under consideration, and nothing appears in the record to warrant that conclusion. It was a mere clerical omission, not to file (189) the papers and docket the cause, which may or may not have affected the rights of the plaintiff. We are not to presume that it did.

Second. The object of the rule upon the Justice is not stated. From the certificate of the Justice, it would seem that a complete transcript had been returned by him. It should have been shown in what particular the record was defective.

On the third point the law is clearly with the defendant. By the 14th section of "an act concerning costs." *Revised Code,* p. 228, it is provided, that "on an appeal prosecuted by the plaintiff, if he recover nothing, or be non-suited in the Circuit Court, the defendant shall recover his costs in both suits," &c. This would be law without the statute. The 15th section of the act referred to, does not apply.

Upon the whole matter, we can see no error in the judgment of the Circuit Court, which is, therefore, affirmed with costs.